# IN THE COURT OF APPEALS OF IOWA

No. 19-1736
Filed December 18, 2019

**IN THE INTEREST OF D.M., A.M., and A.L.,**
**Minor Children,**

**K.L., Mother,**
       Appellant.

_____


Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.


A mother appeals the dispositional order regarding her three children. **AFFIRMED.**


Judith Jennings Hoover of Hoover Law Office, P.C., Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Carrie K. Bryner, Cedar Rapids, attorney and guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

K.L. is the mother of D.M., born in 2004; A.M., born in 2006; and A.L., born in 2010. K.L. is married to V.L, who is the biological father of A.L. and the stepfather of D.M. and A.M. The family came to the attention of the Iowa Department of Human Services (DHS) in April 2019 upon reports V.L. sexually abused A.M. and A.L. DHS determined the abused reports were founded. On April 26, V.L. was removed from the home with the children allowed to remain in the home with their mother. The State charged V.L. with multiple counts of sexual abuse, and his trial is scheduled for January 2020. On July 15, the juvenile court adjudicated the children as being in need of assistance. On July 18, the court, noting concerns the mother "doesn't recognize or support that the children are [victims] of abuse," ordered the children removed from the mother's custody. The court held a review removal hearing on July 24 and August 5. On September 30, the court issued dispositional and removal-review orders that continued the children's removal.

The mother appeals, asserting removal is not needed to protect the children from further harm and the State failed to make reasonable efforts to prevent removal.[1] We review the proceedings de novo, and our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). We find the State proved the mother continues to have extensive contact with V.L., which

---

[1] As the State correctly notes, any issues with pre-disposition removal are moot, and the mother may only appeal from the dispositional order continuing removal. *See In re A.M.H.*, 516 N.W.2d. 869, 871 (Iowa 1994) ("Any error committed in granting the temporary ex parte order [placing custody of the child with DHS] cannot now be remedied. We cannot go back in time and restore custody based on alleged errors in the initial removal order.").

poses a risk of harm to the children. The State also proved it informed the mother of the need to limit her contact with V.L. and to refrain from sharing any information about V.L. with the children. We note the permanency goal is reunification with the mother, another review hearing is scheduled for December 4,[2] and the children continue to be in the custody of close relatives—D.M. and A.M. with their biological father and A.L. with her grandmother. We agree with the juvenile court and affirm without further opinion. Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**

---

[2] This review hearing was scheduled to occur during consideration of this appeal and prior to filing this opinion.